IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| | ) | <u>COMPLAINT</u> |
| v. | ) ) | |
| REGIS CORPORATION d/b/a SMARTSTYLE | ) ) ) | <u>JURY TRIAL DEMAND</u> |
| Defendant. | ) ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act, to correct unlawful employment practices on the basis of race and age and to provide appropriate relief to Kathy Edwards who was adversely affected by the practices. As alleged with greater particularity below, Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Regis Corporation d/b/a SmartStyle ("Defendant") discriminated against Kathy Edwards by failing to promote her to the position of Salon Manager because of her race, black. In the alternative, the Commission alleges that Defendant discriminated against Ms. Edwards by failing to promote her because of her age, 51.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C § 626(b) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Spartanburg Division.  This lawsuit is being filed in the Spartanburg Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Spartanburg Division.

PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.	At all relevant times, Regis Corporation d/b/a SmartStyle has been a foreign corporation, incorporated in Minnesota, and doing business in the State of South Carolina and City of Spartanburg and has continuously had at least 15 employees.

5.	At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## STATEMENT OF CLAIMS

6.	More than thirty days prior to the institution of this lawsuit, Kathy Edwards filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.	From around June 2005 to around September 2005, Defendant engaged in unlawful employment practices at its salon located at 2151 E. Main Street in Spartanburg, South Carolina (hereafter "E. Main Street salon") in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) and in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). Specifically, Defendant failed to promote Kathy Edwards to Salon Manager based on her race, black, and/or age, 51 years old. Between approximately June 2005 and September 2005, the Salon Manager position at the E. Main Street salon became available on three occasions. In June 2005, Ms. Edwards applied for the vacant Salon Manager position. A white female who was significantly younger and less qualified than Ms. Edwards was selected for the position.

Thereafter, on two additional occasions between June 2005 and September 2005, the Salon Manager position became available. Although Defendant knew that Ms. Edwards wanted

3

to be placed in the Salon Manager position, Defendant did not consider her for the position on either of these occasions. Rather, on each occasion, Defendant selected white females for the position who were significantly younger and less qualified than Ms. Edwards.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Kathy Edwards of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and/or age.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Kathy Edwards.

11. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from failing to promote employees on the basis of race and/or age or from any other employment practice that discriminates on the basis of race or age.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for African-Americans and individuals 40 and older, and which eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendant to make whole Kathy Edwards by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, an equal sum as liquidated damages, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to promotion or front pay.

D.  Order Defendant to make whole Kathy Edwards by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including medical expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Kathy Edwards by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.  Order Defendant to pay Kathy Edwards punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 29th day of September, 2006.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507

        LYNETTE A. BARNES
        Regional Attorney

        TINA BURNSIDE
        Supervisory Trial Attorney

        **s/ Mary M. Ryerse**
        MARY M. RYERSE
        Trial Attorney (Bar No. 9604)
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Telephone: 704.344.6886
        Facsimile: 704.344.6780
        E-mail: mary.ryerse@eeoc.gov


        ATTORNEYS FOR PLAINTIFF