# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 7:06-cv-02734-RBH-WMC |
| Plaintiff, | ) ) ) | CONSENT DECREE |
| v. | ) ) | |
| REGIS CORPORATION d/b/a SMARTSTYLE FAMILY HAIR SALON, | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and Section 7(b) of the Age Discrimination in Employment Act of 1967, amended, 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.  The Commission's complaint alleged Defendant Regis Corporation d/b/a SmartStyle Family Hair Salon ("Defendant") failed to promote Kathy Edwards to Salon Manager based on her race, black, and/or age, 51 years old on three occasions.  Defendant alleged in its Answer that its actions with respect to Kathy Edwards were based on legitimate business reasons unconnected to race or age.  Defendant Regis Corporation does not admit to violating Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act of 1967.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is, therefore, the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII and the ADEA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 19 below.

It is, therefore, ORDERED, ADJUDGED AND DECREED as follows:

1.    Defendant shall not discriminate against any person on the basis of race, age or any other protected category within the meaning of Title VII and the ADEA.

2.    Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or the ADEA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under either statute.

3.    Defendant shall pay Kathy Edwards the sum of $48,000 in settlement of claims raised in this action and EEOC Charge No. 436-2007-00002. Of this sum, $10,000 will be considered back pay reported on a Form W-2 with statutory deductions. The remaining $38,000 will be considered as damages reported on a Form 1099. Defendant shall make payment by issuing checks payable to Kathy Edwards. Payment shall be made within fifteen (15) days after the Court approves the Consent Decree. Defendant shall mail the checks to Edwards at an

address provided by the Commission. A copy of the checks and transmittal letter shall be sent contemporaneously to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC 28202.

4. Payment of the amounts above is conditional upon Defendant's counsel receipt of a fully executed Release of All Claims from Edwards. Defendant has agreed to pay a reasonable amount not to exceed $300 to Edwards to retain private counsel regarding the Release.

5. Within thirty (30) days after the entry of this decree by the Court, Defendant shall eliminate from the employment records of Kathy Edwards any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charges 146-2005-02293 and 436-2007-00002, respectively, and the related events that occurred thereafter. Such documents include, but are not limited to, copies of Warning Notices issued against Kathy Edwards on the following dates: September 20, 2005; September 24, 2005; October 26, 2005; January 20, 2006 and April 17, 2006. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

6. Defendant agrees to provide Kathy Edwards with a neutral letter of reference, containing dates and location of employment and position held. A copy of said letter is attached at Appendix A. Defendant shall mail this letter to Edwards within fifteen (15) days of the entry of this decree by the Court. A blind copy of such letter will be contemporaneously mailed to the Commission.

7. All requests for references with respect to Edwards must be sent to Katherine M. Merrill, Regis Corporation, 7201 Metro Blvd., Minneapolis, MN 55439. If Defendant receives inquiries regarding the employment of Edwards, in lieu of oral response, Defendant shall provide

a copy of the letter of reference described in paragraph 6. A blind copy of such letter will be sent to the Commission.

8.   Defendant shall revise its Non-Discrimination and Workplace Policy to include a specific statement regarding Title VII and the ADEA's prohibitions against discrimination in hiring, promotion, discharge, compensation, and other terms and conditions of employment. This policy will be revised within thirty (30) days of the entry of this Decree by the Court. The revised policy must appear in all handbooks, policy manuals, and orientation materials which describe equal employment opportunity or similar policies within one year of entry of this Decree by the Court. These materials will be distributed to employees in the ordinary course of business. A copy of the revised policy will be sent to the Commission within forty-five (45) days of entry of the Decree.

9.   Within thirty (30) days following revision of the policy as described in paragraph 8, supra, and throughout the term of this Decree, Defendant shall post a copy of the policy in all SmartStyle Family Hair Salons, listed in Appendix B to this Order, in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Defendant shall notify the EEOC in writing that the policy has been posted within thirty (30) days of posting.

10.   During the term of this Decree, Defendant shall provide annual training to all of its regional managers and supervisors responsible for the SmartStyle Family Hair Salons listed in Appendix B to this Order. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 and the prohibitions contained in those statutes against discrimination in the

workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 8 above, and an explanation of the rights and responsibilities of supervisors and regional managers under the policy.

The first training program shall be completed within one hundred twenty (120) days after entry of this decree by the Court. Each subsequent training program shall be conducted at approximately one year intervals. Within thirty (30) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11.     All employees, including salon managers, in SmartStyle Family Hair Salons listed in Appendix B will receive annual training with the first training occurring within 120 days after entry of this Decree by the Court which includes an explanation of the requirements of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 and the prohibitions contained in those statutes against discrimination in the workplace. Each subsequent training shall be conducted at approximately one year intervals. This training shall also include an explanation of Defendant's policy referenced in paragraph 8 above, and an explanation of the rights and responsibilities of supervisors and managers under the policy. This training may be accomplished by a video presentation. At least once a year, Defendant shall certify to the Commission the specific training that was undertaken and provide the Commission with a roster of all employees in attendance.

12.     Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix C, hereby made a part of this Decree, in a place where it is

visible to employees at its SmartStyle Family Hair Salons listed in Appendix B. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

13. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

   A. the identities of all individuals within the Salons identified in Appendix B who were promoted to or hired into the position of Salon Manager at any time during the reporting period, including by way of identification each individual's full name, race, age, date of promotion, last known address, last known telephone number, the location of the salon manager position and the salon where the individual worked as a stylist;

   B. for each promotion identified in 13.A. above, identify all supervisors and managers who were involved in that promotion decision; and

   C. for each promotion identified above, identify all individuals who took and passed the salon manager test for that position or were considered or interviewed for that salon manager promotion, including by way of identification each individual's full name, race, age, salon where employed, last known address and last known telephone number.

   D. the identities of all individuals who have opposed any practice made unlawful under either Title VII of the Civil Rights Act of 1964, or the Age

6

Discrimination in Employment Act of 1967 by reporting said opposition through the reporting provisions established in the Defendant's Policy on Non-Discrimination and Workplace Harassment or who, to Defendant's actual knowledge, have filed a charge, given testimony or assistance, or participated in any investigation proceeding or hearing under Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act, including by way of identification each person's name, address, telephone number, position, and social security number;

E.	for each individual identified in 13.D. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time).

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the EEOC a "negative" report indicating no activity.

14.	The Commission may review compliance with this Decree. As part of a review for compliance with the notice posting provision in paragraph 12 or the policy posting provision in paragraph 9, the Commission may inspect Defendant's facilities and interview employees regarding posting without prior notice to the Defendant. The Commission may review compliance with remaining provisions of the Decree by interviewing employees and examining and/or copying documents at any of the salons listed in Appendix B after giving 72-hours notice to Defendant through Katherine M. Merrill, Regis Corporation, to her email address (Katherine.merrill@regiscorp.com). If the Commission identifies documents to be examined or

copied which are not located at the facility, Defendant will have 14 days to provide the documents to the Commission. Requests for records must be reasonable in scope.

15. If, at any time during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give written notice of the alleged violation to Defendant through Katherine M. Merrill, Regis Corporation, to her email address (Katherine.merrill@regiscorp.com) with a copy to the email address of her attorney, Jonathan Pearson, Esq. (jpearson@laborlawyers.com). Such notice shall state the provisions of this Order alleged to have been violated. Defendant shall have thirty (30) days in which to investigate, respond and remedy the allegations. Thereafter, the parties shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

16. The term of this Decree shall be two (2) years from its entry by the Court.

17. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC 28202.

18. Each party shall bear its own costs and attorney's fees.

19. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Date: October 10, 2007          s/ R. Bryan Harwell
Florence, South Carolina        R. Bryan Harwell
                                U.S. District Court Judge
                                District of South Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

Dated this 5th day of October, 2007

| **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **DEFENDANT REGIS CORPORATION d/b/a SMARTSTYLE FAMILY HAIR SALON** |
|---|---|
| RONALD S. COOPER<br>General Counsel | |
| JAMES L. LEE<br>Deputy General Counsel | s/ Jonathan P. Pearson<br>JONATHAN P. PEARSON, ESQ.<br>(Fed Bar. No. 3027) |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | FISHER & PHILLIPS, LLP<br>P.O. Box 11612<br>Columbia, South Carolina 29211<br>Telephone: 843-853-5200<br>Fax: 803.255-0202 |
| LYNETTE A. BARNES<br>Regional Attorney | e:mail: jpearson@laborlawyers.com |
| TINA BURNSIDE<br>Supervisory Trial Attorney | **ATTORNEY FOR DEFENDANT** |

s/ Mary M. Ryerse
MARY M. RYERSE
(Fed. Bar No. 9604)
Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Phone: 704.344.6886
Facsimile: 704.344.6780
e-mail: mary.ryerse@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

[<insert SmartStyle Family Hair Salon letterhead>]

[<insert date>]

TO WHOM IT MAY CONCERN:

Kathy Edwards was employed by Regis Corporation's SmartStyle Family Hair Salons as a stylist from November 11, 2004 until March 10, 2007. She was employed at Salon 4070 at 2151 East Main Street, Spartanburg, South Carolina.

Sincerely,

John Briggs
[Title]

Appendix A

**Defendant's Smart Style Salons in South Carolina**

SmartStyle Salon 4001
350 Robert Small Parkway
Beaufort, SC 29906

SmartStyle Salon 4002
4400 U.S. Highway 278
Hardeeville, SC 29927

SmartStyle Salon 4003
2035 Whisky Road
Aiken, SC 29803

SmartStyle Salon 4008
2709-A Church Street
Conway, SC 29526

SmartStyle Salon 4010
2240 W. Dekalb Street
Camden, SC 29803

SmartStyle Salon 4017
10060 Two Notch Road
Columbia, SC29223

SmartStyle Salon 4021
5420 Forrest Drive
Columbia, SC 29212

SmartStyle Salon 4024
1150 S 4th St
Hartsville, SC 29550

SmartStyle Salon 4034
603 St James Ave.
Goose Creek, SC 29445

SmartStyle Salon 4036
805 Highway 9 Byp W
Lancaster, SC 29720

SmartStyle Salon 4041
2812 Main St
Newberry, SC 29720

SmartStyle Salon 4047
10820 Kings Road
Myrtle Beach, SC 29572

SmartStyle Salon 4048
2751 Beaver Run Blvd.
Surfside Beach, SC 29575

SmartStyle Salon 4051
9880 Dorchester Road
Summerville, SC 29485

SmartStyle Salon 4057
2401 Augusta Road
West Columbia, SC 29169

SmartStyle Salon 4059
2377 Dave Lyle Blvd
Rock Hill, SC 29730

SmartStyle Salon 4060
1283 Broad St.
Sumter, SC 29150

SmartStyle Salon 4061
541 Seaboard St.
Myrtle Beach, SC 29577

SmartStyle Salon 4063
1636 Sandifer Blvd.
Seneca, SC 29678

SmartStyle Salon 4067
7400 Rivers Ave.
North Charleston, SC 29406

SmartStyle Salon 4067
1317 N. Main St., Ste A1
Summerville, SC 29483

SmartStyle Salon 4069
1201 Knox Ave.
North Augusta, SC 29841

SmartStyle Salon 4070
2151 E Main St.
Spartanburg, SC 29307

SmartStyle Salon 4071
141 Dorman Centre Dr
Spartanburg, SC 29301

SmartStyle Salon 4072
307 Wade Hampton Blvd.
Taylors, SC 29687

SmartStyle Salon 4073
550 Highway 17 N
North Myrtle Beach, SC 29582

SmartStyle Salon 4075
1286 Eighteen Mile Road
Central, SC 29630

SmartStyle Salon 4076
7520A Garner Ferry Road
Columbia, SC 29209

SmartStyle Salon 4077
4920 Centre Pointe Drive
North Charleston, SC 29418

SmartStyle Salon 4078
3950 Grandview Drive
Simpsonville, SC 29681

SmartStyle Salon 4079
3812 Liberty Hwy
Anderson, SC 29621

SmartStyle Salon 4080
1451 Woodruff Road
Greenville, SC 29607

SmartStyle Salon 4081
14055 E Wade Hampton Blvd
Greer, SC 29651

SmartStyle Salon 4082
4000 Highway 9
Boiling Springs, SC 29316

SmartStyle Salon 4083
165 Walton Drive
Gaffney, SC 29341

SmartStyle Salon 4084
1310 N. Fraser
Georgetown, SC 29440

SmartStyle Salon 4085
511 N Highway 52
Moncks Corner, SC 29461

SmartStyle Salon 4086
2110 Bells Hwy
Walterboro, SC 29488

SmartStyle Salon 4087
9 Bendon Road
Travelers Rest, SC 29690

SmartStyle Salon 4088
3951 W Ashley Cir.
Charleston, SC 29414

SmartStyle Salon 4089
529 Paxville Hwy
Manning, SC 29102

SmartStyle Salon 4090
115 E Church St.
Batesburg-Leesville, SC 29070

SmartStyle Salon 4091
1326 Bush River Road
Columbia, SC 29210

SmartStyle Salon 4094
1040 Cresterfield Hwy
Cheraw, SC 29520

SmartStyle Salon 6606
651 Highway 28 Bypass
Anderson, SC 29624

SmartStyle Salon 6615
2014 S Irby St.
Florence, SC 29505

SmartStyle Salon 6618
6134 White Horse Road
Greenville, SC 29611

SmartStyle Salon 6641
970 E. Liberty St.
York, SC 29745

Appendix B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 7:06-cv-02734-RBH-WMC |
| Plaintiff, | ) ) | |
| v. | ) ) | NOTICE |
| REGIS CORPORATION d/b/a SMARTSTYLE, | ) ) ) | |
| Defendant. | ) ) ) | |

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Regis Corporation d/b/a SmartStyle Family Hair Salon ("SmartStyle") in a case of discrimination based on race and age. As part of the settlement, Regis has agreed to pay a monetary settlement and to take other actions set out in the Consent Decree resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on race. The ADEA specifically protects applicant and employees over the age of 40 years old from discrimination based on age.

3.  Defendant will comply with such federal laws in all respects. Furthermore, Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
website: www.eeoc.gov

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL:_____, 2009.

Appendix C